# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**TOMMY CARSON SR #2000002091**     **CASE NO. 6:19-CV-00626 SEC P**

**VERSUS**     **JUDGE JUNEAU**

**PAUL SCOTT ET AL**     **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Pro se plaintiff Tommy Carson, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on May 15, 2019. [Rec. Doc. 1] Pursuant to this Court's order, he filed an Amended Complaint on August 15, 2019. [Rec. Doc. 6] He is incarcerated at the St. Mary Parish Jail (SMPJ) in Centerville, Louisiana, and complains that he has been denied medical care. Plaintiff names SMPJ Warden Paul Scott, St. Mary Parish Sheriff Blaise Smith, Deputy Gary Driskell, Captain Clair Mae and Quality Correctional Health Care Co-coordinator "Dustin," as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, **IT IS RECOMMENDED** that the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### *Background*

According to his complaints, on April 8, 2019, plaintiff was taking a shower in his dormitory when he stepped in an uncovered drain and fell, bumping his head on the floor and knocking him unconscious. He woke up with pain in his left foot, the left side of his neck and back, and a knot on the right side of his head. He was taken to Quality Correctional Health Care, the nurse's station, via wheelchair, and seen by Nurse Shelia Johnson. She called "Dustin," the co-coordinator of the health facility, who advised her to give plaintiff an ice pack for his head, an ice pack for his foot, and two Tylenol. Plaintiff states that he woke up the next morning with severe neck and back pain, blurred vision and a headache. He was taken to the nurse's station and given Tylenol.

In his Amended Complaint, plaintiff contends that he is still having headaches and blurred vision. He alleges that the physician, "Dustin," told him that he probably had a concussion, and continues to treat him with Tylenol. [Rec. Doc. 6, p. 2]

He names Warden Paul Scott as a defendant, as he is "responsible for overseeing this facility." *Id*.

He names Sheriff Blaise Smith because he was told about plaintiff's condition by plaintiff's aunt and simply transferred her call to the Deputy Sheriff Gary Driskell. *Id*. at p. 3.

He names Deputy Sheriff Gary Driskell who allegedly told plaintiff's aunt that he would be sent to the hospital, but only sent him back to see Dustin, the facility physician. *Id.*

Finally, he names Captain Claire Mae, setting forth that "[s]he was the Captain overseeing security, she had the authority to do more and make sure that I see a neurologist." *Id.* He also notes that she is the one who brought the maintenance man to the dormitory to put a drain cover back on the hole and allegedly told plaintiff's aunt he would be taken to the hospital. *Id.*

## *Law and Analysis*

### 1. Frivolity Review

Carson has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep.*

*Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. Supervisory Officials

Plaintiff has sued Paul Scott, Blaise Smith, Gary Driskell and Captain Claire Mae in their supervisory capacities as Warden of SMPJ, Sheriff of St. Mary Parish, Deputy Sheriff of St. Mary Parish, and Captain at SMPJ. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to

demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

At the outset, the court notes that Carson has not stated a viable constitutional claim; thus, he cannot state a claim for supervisory liability. *See Mouille*, 977 F.2d at 929. Even assuming he alleged a constitutional violation, however, Carson has not asserted a non-frivolous claim against Warden Paul Scott, Sheriff Blaise Smith, Deputy Sheriff Gary Driskell, or Captain Claire Mae, based on supervisory liability. In his Amended Complaint, he clarifies that he has named Warden Scott because "he is responsible for overseeing this facility," [rec. doc. 6, p. 2], Sheriff Smith because, after being told about his condition, Smith transferred plaintiff's aunt's phone call to Deputy Sheriff Driskell [*id*. at p. 3], Driskell because he allegedly told plaintiff's aunt he would be sent to the hospital [*id*.], and Mae because she was the Captain overseeing security and had the authority to "do more" to "make sure [he] saw a neurologist [id. at p. 4]." Because he did not allege that Scott, Smith, Driskell or Mae were personally involved in his medical care, he is unable to state a claim against them.

3. **Medical Care**

At the crux of plaintiff's complaint is the allegation that he received inadequate medical care. In the context of medical care, a prison official violates

5

the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

"Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir.1997). It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994). It is not enough to show mere negligence or disagreement with one's treatment. *Miles v. Rich*, 576 Fed.Appx. 394, 396 (5th Cir. 2014) (*citing Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The prisoner must show that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tx. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Carson has made no such showing. He states that after he fell on April 8, 2019, he was taken to the nurse's station by wheelchair and seen by a nurse, who contacted "Dustin," the co-coordinator of the health unit, a physician. He was given ice packs and Tylenol. The following day, he was administered another dose of Tylenol. In his amended complaint, he clarifies that he continues to suffer from headaches and blurred vision and is continuing to be seen by Dr. Dustin, who is treating him with Tylenol. Dr. Dustin has allegedly told plaintiff that he "probably

had a concussion." [Doc. 6, p. 2] He complains that he is still in pain and believes he should be seen by a neurologist and have x-rays taken.

Accordingly, plaintiff does not allege that he has not received medical care, he simply disagrees with the treatment decisions of the health care professionals who are responsible for his care and treatment. Plaintiff disagrees with the conclusions and treatment options offered by the doctor; however, his disagreement with the health care professional's diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), *citing Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

For the foregoing reasons, plaintiff's claims should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

## *Conclusion*

Therefore,

**IT IS RECOMMENDED** that the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of

this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 9th day of December, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE