# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| TOMMY CARSON SR #2000002091 | CASE NO. 6:19-CV-00626 SEC P |
| VERSUS | JUDGE JUNEAU |
| PAUL SCOTT ET AL | MAGISTRATE JUDGE WHITEHURST |

## JUDGMENT

This *pro se* prisoner § 1983 case came before Magistrate Judge Whitehurst for Report & Recommendation on frivolity under 28 U.S.C. § 1915. For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, determining that the findings are correct under the applicable law, and noting the absence of objections to the Report and Recommendation in the record, the Court adopts the findings in the Report and Recommendations with the following additional analysis.

In addition to Plaintiff's grievance regarding his medical care as discussed in the Report and Recommendation, Plaintiff also alleges facts that could be construed as a "conditions-of-confinement" claim under the Eighth Amendment. Specifically, Plaintiff alleges that a drain cover in the shower was removed and replaced later after his accident thus creating a dangerous condition. [Rec. Doc. 6, p. 2, 4]. Plaintiff indicates that Warden Scott as overseer of the prison and Captain Mae as the

individual who eventually rectified the situation are responsible for the condition. [Id.].

The Supreme Court has stated, "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 811 (1994). However, Prison officials are not liable under the Eight Amendment for poor conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. This standard results in a two-part test where the prisoner must show (1) the deprivation alleged was sufficiently serious and (2) the prison official possessed a sufficiently culpable state of mind. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). A deprivation is only sufficiently serious when it denies the prisoner "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. In sum, "extreme deprivations are required to make out a conditions-of-confinement claim." *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998).

In the present case, Plaintiff describes a slip and fall hazard created by the removal of the shower drain cover. The Constitution does not "require that living areas be free from all conditions which may pose a potential slip and fall hazard."

*Tallmore v. Hebert*, 07-cv-1220, 2008 WL 2597939 at *3 (W.D. La. 2008). Indeed, slip and fall hazards and sanitation hazards worse than the condition presented in this case have not been held to be an extreme deprivation especially when they are temporary. *See Davis*, 157 F.3d at 1006 (describing no Eighth Amendment violation when a prisoner was exposed to raw sewage on the floor of his cell from toilet overflow for four days). In this case, the drain cover was removed from the shower but then it was replaced. The hazard was only temporary and does not arise to the extreme deprivations that have been found to be violative of the Eighth Amendment.

In addition, Plaintiff has not shown deliberate indifference on the part of Warden Scott or Captain Mae. Other than the fact that Warden Scott oversees the facility, Plaintiff has not alleged facts that Warden Scott or Captain Mae specifically knew about the drain cover hazard, knew it was an excessive risk, and did nothing to address the risk. To the contrary, Plaintiff alleges that the drain cover was replaced at the direction of Captain Mae. Accordingly,

**IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §1915.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 17th day of January, 2020.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE